UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
**JERRY GOLDSTEIN, et al.** :
:
    **Plaintiffs** :
:
    v. : **Civil Action No. 09-618 (FSH)**
:
**CHRISTOPHER MILLER, et al.** :
: **PRETRIAL SCHEDULING ORDER**
    **Defendants** :
:
_____:

    **THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on the record on November 6, 2009; and for good cause shown,

    **IT IS** on this <u>6th</u> day of November, 2009

    **ORDERED THAT:**

    1.  Defense counsel shall provide defendant Miller with a copy of all Orders unless and until he is deemed to be proceeding <u>pro se</u> or substitute counsel has entered an appearance on his behalf;

    2.  No later than **November 30, 2009,** defendant Miller shall file an Answer;

    3.  No later than **November 30, 2009**, defendant Miller shall notify the Court as to whether or not Greenberg, Dauber will represent him, he will proceed <u>pro se</u>, or provide the name of counsel who will enter an appearance on his behalf.  If he does not respond by **November 30, 2009**, then he shall be deemed be proceeding pro se and Greenberg Dauber shall provide the Clerk of the Court with contact information for entry on the docket and efile the communications with defendant Miller that reflect his desire not to have Greenberg Dauber represent him;

    4.  No later than **November 30, 2009**, the plaintiffs shall file a RICO case statement as required by the Local Rules of this Court;

    5.   No later than **November 23, 2009**, the parties shall advise the Court if they intend to participate in mediation and, if so, whether they seek a stay of these proceedings while they participate in mediation;

    6.  The plaintiffs' request for leave to file a motion for a preliminary injunction to freeze assets of certain defendants is denied without prejudice to the submission of a letter to the Hon. Faith S. Hochberg in light of Her Honor's prior orders on restraints;

7. The defendants' request for leave to file a motion to transfer pursuant to 28 U.S.C.§1404 is granted as set forth herein;

**IT IS FURTHER ORDERED THAT:**

**I.  COURT DATES**

1. There shall be a telephone status conference before the Undersigned on **February 10, 2010 at 9:30 a.m.** Plaintiff shall initiate the telephone call.

2. There will be a settlement conference before the Undersigned on **March 5, 2010 at 1:00 p.m.** Trial Counsel and clients with full settlement authority must attend the conference unless a health issue impedes travel.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3. The final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **August 9, 2010 at 10:00 a.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

**II.  DISCOVERY AND MOTION PRACTICE**

4. a. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **November 13, 2009.**

   b. No later than **December 15, 2009**, the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3[1].

5. Discovery necessary to engage in meaningful settlement discussions: responses to interrogatories and document demands and no more than three depositions per side, which will be completed by **March 10, 2010.**

6. Each side may serve interrogatories limited to 75 single questions (no subparts) divided among the adverse parties as the serving side deems appropriate and requests for production of documents on or before **December 7, 2009,** which shall be responded to no later than **January 28, 2010**.

7. The number of depositions to be taken by each side shall not exceed 10.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.

---

[1] If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions are to be completed no later than **April 30, 2010.**

8. Fact discovery is to remain open through **April 30, 2010**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **March 1, 2010.** The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

10. Any motion to amend pleadings or join parties must be filed by **February 19, 2010.**

11. a. Any motion to transfer pursuant to 28 U.S.C.§ 1404 shall be filed no later than **November 13, 2009.** The opposition shall be filed no later than **November 23, 2009** and the reply shall be filed no later than **November 30, 2009**. The return date shall be **December 7, 2009** before the Hon. Faith S. Hochberg. Her Honor's Chambers will advise the parties if oral argument will be required.

b. All dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference. Any and all dispositive motions must be filed no later than **June 11, 2010** and must be comply with Local Rule 7.1. No pretrial dispositive motions will be entertained after that date. Any responses shall be submitted no later than **June 21, 2010** and any replies shall be submitted no later than. **June 28, 2010.** The return date shall be **July 6, 2010** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

### III. EXPERTS

12. All affirmative expert reports shall be delivered by **April 9, 2010.**

13. All responding expert reports shall be delivered by **May 10, 2010.**

14. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

b. All expert depositions shall be completed by **May 31, 2010.**

### IV.  FINAL PRETRIAL CONFERENCE

15.     The final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **August 9, 2010 at 10:00 a.m.**  The final pretrial conference will occur even if dispositive motions are pending.  The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16.     <u>Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17.     All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18.     With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19.     The original of the Final Pretrial Order shall be delivered to the CHAMBERS of the Undersigned no later than **August 3, 2010 at 3:00 p.m.**  All counsel are responsible for the timely submission of the Pretrial Order.

20.     The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

### V.  MISCELLANEOUS

21.     The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.     Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25.     **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

s/Patty Shwartz<br>
**UNITED STATES MAGISTRATE JUDGE**