**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JERRY GOLDSTEIN, *et al.*, | ) CASE NO. 2:10-cv-1000 |
| Plaintiffs, | ) |
| | ) JUDGE EDMUND A. SARGUS, JR. |
| v. | ) |
| | ) MAGISTRATE JUDGE E. A. PRESTON |
| CHRISTOPHER MILLER, *et al.*, | ) DEAVERS |
| Defendants. | ) |

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, *INSTANTER***

Now come Plaintiffs, by and through their undersigned counsel, and hereby move this Court for leave to file a First Amended Complaint pursuant to Fed. R. Civ. P. 15.  The bases for this Motion are more fully set forth in the following Memorandum in Support.  Plaintiffs' proposed First Amended Complaint is attached hereto as Exhibit A.  A proposed order granting leave accompanies this Motion.

        Respectfully submitted,

        **LUPER NEIDENTHAL & LOGAN
        A Legal Professional Association**

        /s/ Matthew T. Anderson
        _____
        David M. Scott (Ohio Bar 0068110)
        Matthew T. Anderson (Ohio Bar 0082730)
        50 West Broad Street
        Suite 1200
        Columbus, Ohio 43215
        Phone: (614) 221-7663 Fax: (866) 345-4948
        dscott@lnlattorneys.com
        manderson@lnlattorneys.com
        *Attorneys for Plaintiffs*

**MEMORANDUM IN SUPPORT**

**I.     BRIEF INTRODUCTION**

Plaintiffs seek leave of Court to file their First Amended Complaint, *instanter*.  Plaintiffs seek leave to amend for purposes of including allegations of facts that have recently been discovered by Plaintiffs' new counsel, through informal discovery.  Plaintiffs also seek leave for purposes of adding several new-party defendants, based on Plaintiffs' new-found discovery.  Plaintiffs will also be removing Christopher Miller from this lawsuit.

**II.    PROCEDURAL HISTORY**

Plaintiffs filed their Complaint on February 13, 2009 in the United States District Court for the District of New Jersey.  (Doc. #1).  On December 18, 2009, upon motion of Defendants John E. Rayl, Charles A. Koenig, Michael J. Humecki, Deep Dog Properties LLC, Trilink Properties LLC, Toltec Properties LLC, and Medano Properties LLC, the New Jersey District Court ordered a change of venue to this Court.  (Doc. #32).

For some reason or another, the New Jersey District Court Clerk encountered some sort of "technical problem," preventing the docket from being transferred timely to this Court.  As such, the case was not formally transferred to this Court until November 8, 2010.

In the meantime, and subsequent to the filing of the Order transferring venue, the undersigned counsel was retained by the Plaintiffs to represent their interests upon the transferring of this action to this Court.  The undersigned counsel followed up with the New Jersey District Court Clerk on several occasions, finally effecting a transfer of the docket to this Court.

Upon conducting further investigation and informal discovery, Plaintiffs now come forth with an Amended Complaint removing Christopher Miller as a Defendant[1] and naming as new-party Defendants ProTerra Oil & Gas Exploration, Inc., Tiger Energy, LLC, Roosevelt Properties, LLC, Trilink Energy, Inc., Ruxco Energy, Inc., and Toltec Energy, Inc.  It is Plaintiffs' belief that these new-party Defendants are part of the Individual Defendants' (i.e. Rayl, Koenig, and Humecki) web of affiliated entities.

## III.  LAW AND ARGUMENT

Fed. R. Civ. P. 15(a)(1)(B) states that a party "may amend its pleading only with the opposing party's written consent or the court's leave.  The court should <u>freely give leave when justice so requires</u>.  *Id.* (*Emphasis added*).

Only upon a significant showing of prejudice to the opponent should a party be denied the ability to amend its complaint.  *Moore v. Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).  The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings.  *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)).  Further, delay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend.  *Robinson v. Coca-Cola Enters.,* Case No. 1:06-CV-371, 2006 U.S. Dist. LEXIS 98134 at *3 (S.D. Ohio, Western Division, Dec. 18, 2006).  The *Robinson* Court further opined that, "case law of this Circuit manifests liberality in allowing amendments to a complaint."  *Id.*

Here, Plaintiffs' amendment is not interposed for purposes of delay, nor does it prejudice Defendants.  Plaintiffs have done nothing to "delay" the presentment of their case.  As noted above, there was a nearly one-year delay in transferring this case from the New Jersey District Court to this Court.  Due to the complex nature of this litigation, and the number of players

---

[1] Plaintiffs have filed a Motion to Dismiss Christopher Miller from this lawsuit.

involved, Plaintiffs' informal, third-party discovery, itself, is still ongoing. Through Plaintiffs' discovery, in this regard, Plaintiffs have uncovered an abundance of additional facts supporting (and enhancing) Plaintiffs' RICO allegations in this case. Further, due to the change of venue to this Court, Plaintiffs were forced to enlist new counsel, which process in and of itself took some time to complete. In this regard, the undersigned counsel have only recently been retained by Plaintiffs, and were in need of some time to conduct their own due diligence and to become acclimated with the factual background and procedural history of this case. Denying Plaintiffs the opportunity to amend their Complaint would be highly prejudicial.

The law in this judicial circuit supports the granting of Plaintiffs' Motion for Leave. For example, in *Reengineering Consultants, Ltd. v. EMC Corp.,* Case No. 2:08-cv-47, 2010 U.S. Dist. LEXIS 29965 (S.D. Ohio Mar. 29, 2010) (Judge Holschuh), this Court granted the plaintiff leave to file a second amended complaint seventeen months after the action was filed, after sufficient discovery had been conducted, and despite the existence of a pending motion for summary judgment. In granting leave to amend, this Court stated that "despite Plaintiff's delay in seeking amendment, Defendant will only suffer slight prejudice, if at all." *Id.* at *9. Similarly, in *Moore, supra*, the Sixth Circuit Court of Appeals reversed and remanded the district court's denial of leave to amend, stating that "rejection of the amendment would preclude plaintiff's opportunity to be heard on the merits." 790 F.2d at 562.

The heart of Plaintiffs' RICO allegations center around the Defendants' continuing activities. Defendants certainly have knowledge of the background facts of this case, given that said facts involve the very actions, and/or inactions, of Defendants, themselves. In this regard, the Defendants will not be prejudiced by the filing of Plaintiffs' Amended Complaint.

4

Plaintiffs do not believe that their proposed amendment will disrupt this Court's case schedule, as the parties have only recently conducted their Rule 26(f) conference, on January 21, 2011.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an Order permitting them to file a First Amended Complaint, *instanter*. Plaintiffs' amendment is not interposed for delay, nor is it prejudicial to the opposing parties. In accordance with the long-standing judicial precedent of this judicial circuit, Plaintiffs' Motion for Leave should be granted by this Court. A copy of Plaintiffs' proposed First Amended Complaint is attached hereto.[2]

    Respectfully submitted,

    **LUPER NEIDENTHAL & LOGAN**
    **A Legal Professional Association**

    /s/ Matthew T. Anderson
    _____
    David M. Scott (Ohio Bar 0068110)
    Matthew T. Anderson (Ohio Bar 0082730)
    50 West Broad Street
    Suite 1200
    Columbus, Ohio 43215
    Phone: (614) 221-7663 Fax: (866) 345-4948
    dscott@lnlattorneys.com
    manderson@lnlattorneys.com
    *Attorneys for Plaintiffs*

---

[2] Counsel for Defendants has already represented to this Court that Defendants do not consent to the filing of an Amended Complaint, and thus Plaintiffs have not requested formal consent, as required by S.D. Ohio Civ. R. 7.3 and Federal Civil Rule 15(a).

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2011, I electronically filed Plaintiffs' Motion For Leave To File First Amended Complaint, *Instanter*, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> John A. Yaklevich, Esq.
> Moore & Yaklevich
> 326 S. High Street
> Columbus, OH 43215
> E-mail: Jayyaklevich@aol.com
> *Attorney for Defendants John E.*
> *Rayl, Charles A. Koenig, Michael*
> *Humecki, Deep Dog Properties,*
> *LLC, TriLink Properties, LLC,*
> *Toltec Properties, LLC and Medano*
> *Properties, LLC*

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

> Christopher D. Miller
> 1776 S. Jackson, #1000
> Denver, CO 80210
> E-mail: centennialoilandgas@yahoo.com
> *Defendant Pro Se*

/s/ Matthew T. Anderson
_____
Matthew T. Anderson

6