## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JERRY GOLDSTEIN,** *et al.,*

       **Plaintiffs,**

                                            **Civil Action 2:10-cv-01000**
    **v.**                                   **Judge Edmund A. Sargus, Jr.**
                                            **Magistrate Judge E.A. Preston Deavers**

**CHRISTOPHER MILLER,** *et al.,*

       **Defendants.**

### ORDER

Plaintiffs bring this action pursuant to the Racketeer Influenced and Corrupt Organizations Act, seeking recovery for damages they sustained as a result of Defendants' alleged fraudulent transfers of property primarily in the form of mineral exploration leasehold interests to third-parties. This matter is before the Court for consideration of Plaintiffs' Motion for Leave to File First Amended Complaint, *Instanter* (ECF No. 48), Defendants' Memorandum in Opposition (ECF No. 51), and Plaintiffs' Reply (ECF No. 52). For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion.

### I.

Plaintiffs filed their Complaint on February 13, 2009, in the United States District Court for the District of New Jersey. (ECF No. 1.) On December 18, 2009, upon Defendants' motion, the New Jersey District Court ordered a change of venue to this Court. (ECF No. 32.) According to Plaintiffs, the New Jersey District Court Clerk encountered technical problems which delayed formal transfer to this Court until November 8, 2010. During this time, Plaintiffs retained their current counsel to represent their interests upon the transfer of the action to this

Court.  Plaintiffs' counsel represents that he followed up with the New Jersey District Court Clerk on several occasions until it effected a transfer to this Court.

Plaintiffs filed the subject Motion on January 24, 2011, seeking leave to file an amended complaint to name new-party Defendants ProTerra Oil & Gas Exploration, Inc., Tiger Energy, LLC, Roosevelt Properties, LLC, Trilink Energy, Inc., Ruxco Engergy, Inc., and Toltec Energy, Inc.  Based upon their investigation and informal discovery, Plaintiffs believe that these proposed new-party defendants are part of Defendants' "web of affiliated entities."  (Pls.' Mot. for Leave 3, ECF No. 48.)  Defendants oppose Plaintiffs' Motion, asserting that "permitting Plaintiffs to amend their pleadings at this late stage will interpose unnecessary delay in this case to the prejudice of the Defendants."  (Defs.' Mem. in Opp. 1, ECF No. 51.)

## II.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  As the United States Court of Appeals for the Sixth Circuit has noted, Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'"  *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  Accordingly, when a party decides "to advance a new claim as a result of [] discovery" Rule 15(a) provides for "liberal amendment to the complaint."  *Tucker v. Union of Needletrades, Indust. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005).

Several factors influence whether the Court should allow a party to amend its pleading including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, undue prejudice to the opposing party, and futility of the amendment."  *Seals v. Gen. Motors*

*Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)).  Furthermore, in considering the issue of prejudice, the Court must ask whether allowing a party to amend the pleadings would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or cause considerable delay in resolving the dispute.  *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

## III.

The Court has considered the foregoing factors and concludes that justice requires Plaintiffs be permitted to amend the Complaint.  The Court recognizes that this case sat idle in the New Jersey District Court, awaiting transfer for nearly a year.  Defendants, however, fail to present any evidence demonstrating that the delay in this case is attributable to Plaintiffs. Additionally, the Court disagrees with Defendants' characterization of this action's stage of preparation.  This action is not in a "late stage" of preparation as Defendants suggest.  Rather, this case is still in the discovery phase, with a discovery deadline of May 20, 2011, and a case-dispositive motion deadline of June 17, 2011.  The Court has not yet set this case for trial.

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Leave to File First Amended Complaint, *Instanter.*  (ECF No. 48.)  Plaintiffs must file their Amended Complaint on or before **MARCH 23, 2011.**

**IT IS SO ORDERED.**

March 17, 2011                                    ___/s/ *Elizabeth A. Preston Deavers*___
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge