IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERRY GOLDSTEIN, ET AL.,

    Plaintiffs,

v.

JOHN E. RAYL, ET AL.,

    Defendants.

Case No. 2:10-CV-1000
JUDGE SARGUS
MAGISTRATE JUDGE DEAVERS

## ORDER

Presently before the Court is Plaintiffs' Motion for Dismissal of this Action (Doc. 86), which the Court now **GRANTS** subject to this Order. Defendants Rayl, Koenig, Humecki, Deep Dog Properties, LLC, Trilink Energy, Inc., Medano Properties, LLC, Toltec Energy, Inc., Toltec Properties, LLC, Ruxco Energy, Inc., and Roosevelt Properties, LLC object to Plaintiffs' motion, which seeks dismissal without prejudice. Pursuant to Rule 41(a)(2), the Court may, in its discretion, dismiss an action "on terms that the court considers proper."

The purpose of Rule 41(a)(2) is to protect nonmovants from unfair treatment. *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The Court abuses its discretion in granting a Rule 41(a)(2) motion "where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." *Id.* (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). Factors to consider in determining whether plain legal prejudice will occur include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

Plaintiffs seek dismissal without prejudice on the grounds that they are unable to devote additional resources at this time to the continued prosecution of this action and are in discussions with ProTerra Oil & Gas Exploration, Inc., a non-objecting Defendant, regarding alternative means of resolving this dispute. Objecting Defendants Rayl and Koenig claim that dismissal without prejudice will burden them because the possibility that Plaintiffs could assert RICO claims against them in a future lawsuit will limit their ability engage in federal securities work. However, the mere prospect of a second lawsuit does not constitute plain legal prejudice. *Grover*, 33 F.3d at 718. Further, a review of the factors identified in *Grover* also supports the Court's conclusion that dismissal without prejudice is warranted in this case. No summary judgment motions have been filed by Defendants, and, in the Court's view, Plaintiffs have sufficiently articulated their reasons for seeking dismissal.

Finally, while costs have undoubtedly been incurred by Defendants in defending this action, there is no indication that work performed to date would have to be redone should the case be refiled. However, in order to protect Defendants from unfair treatment, should this case be refiled by Plaintiffs, it will remain in the Court's discretion to impose on Plaintiffs any excessive costs incurred by Defendants.

For the reasons stated above, Plaintiffs' Motion for Dismissal of this Action (Doc. 86) is **GRANTED**.

**IT IS SO ORDERED.**

12-30-2011
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE